UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH SHULTZ,

    Plaintiff,

v().                                          Case No. 04-70992

COMMISSIONER OF                    HONORABLE AVERN COHN
SOCIAL SECURITY,

    Defendant.

_____/

**<u>MEMORANDUM AND ORDER</u>**
**<u>ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND</u>**
**<u>DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND</u>**
**<u>GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

### I. Introduction

This is a social security case.  Plaintiff Judith Shultz (Shultz) appeals from the final determination of the Commissioner of Social Security (Commissioner) that she is not disabled and therefore not entitled to Social Security benefits (benefits).  An Administrative Law Judge (ALJ) determined that Shultz was not entitled to benefits.  The Social Security Administration's Appeals Council denied review of the ALJ's decision.

Shultz filed this action for judicial review under 42 U.S.C. § 405(g).  The matter was referred to a magistrate judge before whom Shultz and the Commissioner filed motions for summary judgment.  The magistrate judge issued a report and recommendation (MJRR) that the ALJ's decision be affirmed.  Shultz filed objections to the MJRR, stating that the ALJ's decision is not supported by substantial evidence.  the

Commissioner filed a response to Shultz' objections.

For the reasons that follow, Shultz' motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and the case is DISMISSED.

## II. Background

### A. Factual Background

Shultz was born in 1946, graduated from high school, attended nursing school for one year, and then obtained a licensed practical nurse degree (LPN) in 1966. Some of her previous employment as an LPN included home care assignments; a floor supervisor in nursing homes; a school nurse; a clinical nurse at St. Joseph's Hospital in Mount Clemens, Michigan; and a nurse in a hospice. Shultz testified at the administrative hearing that she changed jobs frequently because she would find a new one more interesting, and that she got restless if she stayed in one position too long. Shultz last worked in 2001 as an LPN. She says she cannot work now because of her medications, her inability to focus, and her not feeling well. Shultz has been diagnosed with bipolar disorder, diabetes, and pancreatitis.

On September 19, 2001, Shultz filed an application for disability insurance benefits claiming that she has been disabled and unable to work since January 2000 because of her bipolar disorder or manic depression. She testified at the administrative hearing on August 21, 2003 that she is not currently employed but was last employed as an LPN. She further testified that she was first diagnosed with bipolar disorder thirty-five years ago and that her medications make her dizzy or nauseous. She stated that she feels light headed for three hours at a time and that she wakes up every day with

this feeling. Shultz used to be on Lithium, but her doctors stopped prescribing it because of medical problems and instead have been prescribing other medications. Shultz testified that despite the medication, she has memory problems, depressed energy levels, and suffers from depression and crying spells. She testified that she cannot cook or bake as elaborately as in the past, does not visit people as often as she used to, and sees her psychiatrist, Dr. Qadir (Qadir), once a month for counseling and medication.

Shultz' husband, Ray Shultz, also testified at the administrative hearing. He testified that Shultz' quality of life has deteriorated since she stopped taking Lithium; and that she is depressed, forgetful, and fidgety. He further testified that she no longer expresses herself and is not motivated as she was before. Mr. Shultz testified that his wife does not want to be around people and does not swim or walk as much as she used to.

Dr. Khademian (Khademian), the state agency reviewing psychiatrist and medical expert, reviewed Shultz' medical records and summarized her conditions. He noted that Shultz experienced side effects from her medications but continued to get along well with family and friends and completed chores around the house. Further, he noted that in medical examinations she demonstrated fair levels of judgment, memory, and concentration; she could understand and follow instructions; and she had no significant problem with socialization and adaptive skills. Khademian concluded that Shultz retained the capacity to do simple tasks on a regular basis.

Jennifer Spindler Turecki, the vocational expert (VE), testified at the administrative hearing and classified Shultz' past work as skilled and at the medium

3

exertion level. The ALJ asked the VE whether there was work for a claimant with Shultz' age, education, and work experience, assuming she is not limited exertionally, without detailed or complex tasks. The VE testified that there were such positions available, including parking lot attendant, information clerk, assembler, and surveillance system monitor. She continued, stating that all the positions would require "a certain amount of attention and concentration" and an accomplishment of the work.

### B. Procedural Background

The ALJ conducted an administrative hearing. Applying the five-step analysis of 20 C.F.R. § 404.1520, the ALJ concluded that (1) Shultz has not engaged in substantial gainful activity since the alleged onset of her medical condition; (2) Shultz is severely impaired with bipolar disorder and diabetes mellitus; (3) Shultz' impairments or combination of impairments do not meet or equal the Listing of Impairments because they result in only mild or moderate limitations; (4) Shultz cannot resume her prior work because of her impairments; but (5) she does retain the residual functional capacity to perform all work tasks except detailed or complex tasks or tasks that require extended reading and she can perform a narrowed range of unskilled work at all exertion levels. Accordingly, the ALJ concluded that Shultz is not disabled. The ALJ further found that Shultz' allegations regarding her limitations were not entirely credible based on the objective medical evidence.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971), and the substantiality of the evidence must be based upon the record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. Discussion

Shultz says that the ALJ's decision is not supported by substantial evidence because (1) the ALJ found Shultz' complaints of total disability not fully credible, (2) the ALJ found the testimony of Shultz' husband not credible, and (3) the medical advisor did not examine Shultz before reaching his conclusion while erroneously disregarding the

5

treating physician's opinion.

### A. Shultz' Credibility

Shultz says that the ALJ erred in discounting her credibility. Specifically, Shultz challenges the ALJ's conclusion that her daily activities are not extensive, "she does not have any difficulty with cooking, doing the dishes, or laundry" and that she swims "daily if weather permits it."

The ALJ found that although Shultz says she is unable to work because of her medications' side effects of dizziness and nausea, along with her memory problems, lack of focus, crying spells, and her testimony that she generally does not feel well physically, she does not point to any medical opinion or objective evidence that corroborates her claim of disability. Shultz' treating physician, Qadir, opined that she had moderately severe limitations in a multitude of social and occupational settings. The ALJ, however, found that there was no basis provided for his assessment and, further, the assessment was not consistent with his treatment notes because "ongoing" symptoms or signs were only mentioned once or rarely in his notes.

The Court of Appeals for the Sixth Circuit has noted that an ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters, 127 F.3d at 531. Further, that credibility assessment made by an ALJ must be supported by substantial evidence in the record. Id.

While there is some evidence of bipolar disorder, diabetes mellitus, and some side effects from Shultz' medications, there is substantial evidence in the record to support the ALJ's conclusion that her allegations were not entirely credible. The ALJ

6

did not completely discount Shultz' credibility because objective medical evidence indicated bipolar disorder and diabetes; rather, the ALJ acknowledged that Shultz has problems because of her mental and physical impairments, but found that there is nothing in the record to support her claim that she cannot perform simple tasks regularly.

The objective medical evidence does not provide a basis for finding limitations greater than those determined by the ALJ.  Additionally, there is substantial evidence demonstrating that Shultz' mental and physical impairments still would allow her to perform simple tasks on a regular basis.  Khademian, the State Disability Determination Service psychiatrist who reviewed Shultz' medical records for the administrative hearing, testified that despite her claims of depression, withdrawal, and memory loss, Shultz still performed well on cognitive tests and conducted extensive activities such as visiting friends, babysitting for eight hours, and participating in volunteer work.  Further, treatment notes show that "her judgment, memory, and concentration are fair . . . that [Shultz] was able to understand and follow simple instruction and procedure and had no significant problem with socialization and adaptive skills . . . that [she] appeared to be able to do simple tasks on a regular basis"  The ALJ was correct in concluding that Shultz' allegations were not entirely credible because substantial objective medical evidence in the record does not support the conclusion that Shultz' condition is of such severity to preclude her from making a vocational adjustment and obtaining other employment such as that listed by the VE.

### B. Shultz' Husband's Credibility

Shultz says that the ALJ erred in discounting her husband's credibility. Specifically, Shultz challenges the ALJ's conclusion that her husband's testimony "did not comport with Shultz' treatment notes or other evidence of record. . . ." Shultz claims that her husband's testimony is consistent not only with recitations of her own limitations, but also the medical evidence.

The ALJ acknowledged that the husband's testimony is in accord with that of Shultz' testimony; however, the ALJ must be given "great weight and deference" when finding for credibility of testimony. Because the ALJ found that there was no basis provided for Shultz' treating physicians' assessment and further, that the assessment was not consistent with treatment notes, the husband's credibility and testimony are afforded the same weight and conclusion as Shultz'.

### C. Treating Physician's Opinion

Shultz claims that Khademian did not examine or evaluate her prior to advising the ALJ. She states that Khademian merely reviewed the medical assessments and reports of treating physicians before opining that she had reasonable judgment, memory, and concentration, as well as being able to perform simple tasks on a regular basis such as with a lower-level job. Shultz further claims that the ALJ erroneously disregarded Qadir's medical opinion and that "it is not substantial evidence to rely on a DDS report in contradiction to the medical opinion of a treating physician who has a linear view of [Shultz'] condition over time and has a 'duty to cure the patient.'"

While the record shows that Khademian did not himself examine Shultz and his

8

report cannot be treated as one from a treating physician, his statements are instructive in evaluating Shultz' condition. The treating physician submitted reports regarding Shultz' medical history and the ALJ did not reject Qadir's opinion outright but instead noted that the doctor did not document extreme psychiatric or psychological restrictions in functioning that would support the severe mental limitations he posited. Further, while medical opinions and diagnoses of treating physicians are entitled to substantial deference, it is well established that "[a] treating physician's opinion may be rejected when it is unsupported clinically and when there is substantial evidence to the contrary." Cutlip v. Sec'y of Health and Human Servs., 25 F.3d 284, 287 (6th Cir. 1994). Unlike Qadir's opinion, Khademain's medical opinion was supported by objective medical evidence, and therefore qualifies as substantial evidence of Shultz' condition.

Khademain may not have examined Shultz personally, but his testimony and the corroborating medical evidence demonstrate that Shultz is not disabled, and therefore not entitled to Social Security disability benefits.

## V. Conclusion

The findings and conclusions of the magistrate judge are adopted by the Court as supplemented in the above discussion. The ALJ's decision is supported by substantial evidence.

SO ORDERED.


Dated: May 06, 2005         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 6, 2005, by electronic and/or ordinary mail.

                                                    s/Julie Owens
                                                    Case Manager
                                                    (313) 234-5160